FILED
CHARLOTTE, N. C.

OCT 26 1999

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:99CV353-V

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MECKLENBURG COUNTY,
NORTH CAROLINA,

        Defendant.

**Intervenor's Complaint**

Intervenor Ruth Annette Harris, through undersigned counsel, for her claims for relief against the defendant states:

### Response to Complaint of the United States of America

1. The intervenor admits all allegations of the Complaint.

### General Allegations

2. The intervenor is a resident and citizen of Mecklenburg County, North Carolina.

3. The intervenor was employed by the defendant as a temporary social worker assistant in its Division of Youth and Family Services from approximately December 20, 1996 until March 5, 1997.

4. On and after a first occasion which occurred in approximately mid-January 1997, the intervenor was subjected to repeated unwelcome sexual advances and displays from her immediate supervisor, the defendant's Social Work Assistant Supervisor, which advances she repeatedly rejected.

5. The defendant's supervisor subsequently initiated a course of retaliatory conduct against the plaintiff, also involving other of the defendant's employees, which conduct ultimately resulted in the loss of the plaintiff's employment.

6. The defendant is responsible for the discriminatory conduct of its supervisor towards the intervenor regardless of whether such conduct was authorized or forbidden by the defendant and regardless of whether the defendant knew or should have known of it.

7. Defendant is liable to the intervenor for other wrongful acts and omissions including:

    a. its failure to promulgate meaningful policies and procedures relating to sexual harassment in the workplace and employee remedies under Title VII;

    b. its failure to take affirmative steps to prevent sexual harassment and other discriminatory acts in its workplace, and to actively promote a discrimination-free workplace;

    c. its implicit condoning of sexual harassment and other discriminatory acts by supervisory personnel and/or its other employees;

    d. its failure to take reasonable measures to discipline perpetrators of sexual harassment against its permanent and temporary county employees; and

    e. in such other particular acts or omissions as may be proved upon trial of this matter.

8. By reason of the defendant's wrongful actions and omissions, the intervenor has sustained damages and losses including, but not limited to:

    a. lost wages, past and future;

    b. physical and mental pain and suffering;

    c. severe mental and emotional distress; and

    d. attorneys fees and costs.

### First Claim for Relief

(Violation of 42 U.S.C. §2000e-2(a))

9. The intervenor incorporates herein by reference all prior allegations of this Complaint, insofar as they may apply.

10. The intervenor's rejection of her supervisor's advances was used as the basis for subsequent employment decisions affecting her, in that the supervisor initiated a course of retaliatory, unfair and unreasonable public and private criticisms and reprimands of the plaintiff which were intended and calculated to render her working environment hostile and oppressive.

11. The defendant's supervisor's sexually discriminatory and retaliatory conduct as alleged created a working environment extremely detrimental to the intervenor's emotional and physical health, interfered with the intervenor's work performance, and caused the intervenor physical pain and suffering and severe emotional distress manifested in fear, anxiety, embarrassment, shame and humiliation, sleeplessness, and crying spells.

12. The defendant's supervisor impliedly promised the intervenor permanent employment with the defendant in return for compliance with his egregious behaviors, inasmuch as immediately

following many of his sexual advances he recommended to the intervenor that she complete an application for permanent employment with the defendant.

13. Such actions constituted discrimination on the basis of sex in the form of sexual harassment, quid pro quo, and the creation of a hostile and oppressive working environment.

WHEREFORE the intervenor Ruth Annette Harris prays for relief against the defendant as set forth following the Third Claim For Relief.

## Second Claim for Relief

(Wrongful Discharge)

14. The intervenor incorporates herein by reference all previous allegations of this Complaint, insofar as they may apply.

15. During her said period of temporary employment the intervenor at all times satisfactorily performed her duties for the defendant.

16. The defendant constructively discharged the intervenor from permanent employment with the county on or about March 5, 1997 when she was terminated from employment, rather than being assigned to a permanent county position, because she refused to acquiesce in her supervisor's discriminatory conduct.

17. The defendant's constructive discharge of the intervenor was in violation of North Carolina public policy, including but not limited to that legislative declaration of public policy set forth at North Carolina General Statutes §143-422.2, in that the defendant, through its officers, employees and agents,

including the intervenor's immediate supervisor, implicitly conditioned the intervenor's continued or permanent employment upon her compliance with discriminatory and oppressive acts.

18. The defendant's constructive discharge of the intervenor was accomplished by means of reckless, willful and malicious conduct, entitling the plaintiff to an award of punitive damages pursuant to North Carolina General Statutes §1D-1 et seq.

WHEREFORE the intervenor Ruth Annette Harris prays for relief against the defendant as set forth following the Third Claim For Relief.

## Third Claim for Relief

(Negligent Supervision and Retention of an Employee)

19. The intervenor incorporates herein by reference all previous allegations of this Complaint, insofar as they may apply.

20. The intervenor was harmed by wrongful and oppressive acts of the defendant's supervisor, as above set forth.

21. The defendant's supervisor was not qualified or competent to perform his duties, having a consistent and longstanding pattern, upon information and belief, of unlawfully treating female subordinates in an oppressive and discriminatory manner in the following respects:

    a. In seeking sexual relationships with subordinate female employees and in granting (or promising to grant) preference in job assignments and in other circumstances of employment to female subordinates on the basis of sexual favoritism;

b.  In harassing female subordinates indiscriminately with verbal and/or physical sexual advances or displays;

   c.  In oppressing noncompliant female subordinates with coarse language, derogatory comments and unwarranted criticisms; and

   d.  In such other and further respects as may be established upon trial of this matter.

22. The defendant had actual knowledge of its supervisor's discriminatory conduct towards female employees, prior to the supervisor's commencement of oppressive and harmful conduct towards the intervenor, as above described; and should have taken prompt, reasonable and appropriate remedial measures to end all such unlawful and unwarranted conduct, but did not.

23. In the alternative the defendant, in the exercise of reasonable care, should have known of its supervisor's discriminatory conduct towards female employees, which conduct was open and flagrant; and should have taken prompt, reasonable and appropriate remedial measures to end all such unlawful and unwarranted conduct, but did not.

24. The defendant's breach of its duties to exercise reasonable care in discovering and remedying its supervisor's unlawful and discriminatory conduct towards female employees proximately and foreseeably resulted in the intervenor's aforementioned damages.

25. The defendant's negligent supervision and retention of the intervenor's supervisor was accompanied by circumstances of reckless, willful and malicious conduct, entitling the plaintiff

to an award of punitive damages pursuant to North Carolina General Statutes §1D-1 et seq.

WHEREFORE the intervenor Ruth Annette Harris prays for relief against the defendant:

a.  For all economic damages attributable to the defendant's wrongful acts and omissions;

b.  For compensatory damages for the intervenor's physical and mental pain and suffering and emotional distress;

c.  For the intervenor's medical and therapy related expenses;

d.  For punitive damages in a just and reasonable amount appropriate to punish the defendant and to deter it and others from engaging in similar conduct in the future;

e.  For the intervenor's reasonable attorneys fees;

f.  For interest as provided by law, costs and expert witness fees; and

g.  For such other and further relief as the Court deems just and proper.

The intervenor demands a trial of all issues by jury.

This the 28th day of September, 1999.

_Thomas D. Roberts_
Thomas D. Roberts
N.C. Bar Reg. No. 19735
20 Battery Park Avenue #305
Asheville  NC  28801-2734
(828) 252-0602

Attorney for the intervenor