RECEIVED
CHARLOTTE, N.C.
MAY 2 2000
Clerk, U. S. Dist. Court
W. Dist. of N. C.

FILED
CHARLOTTE, N. C.
MAY 9 2000
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:99CV353-V

UNITED STATES OF AMERICA,

    Plaintiff;

and

RUTH A. HARRIS,

    Plaintiff-Intervenor

v.

MECKLENBURG COUNTY,
NORTH CAROLINA,

    Defendant and
    Third Party Plaintiff

v.

RANDSTAD US, L.P. D/B/A
ACCUSTAFF,

    Third Party Defendant.

<u>CONSENT SETTLEMENT AGREEMENT
BETWEEN THE UNITED STATES AND
MECKLENBURG COUNTY,
NORTH CAROLINA</u>

    This action was brought on behalf of the United States against Mecklenburg County, North Carolina ("Mecklenburg County" or "the County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et</u> <u>seq</u>., <u>as amended</u> ("Title VII"), following receipt by the Department of Justice from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination filed by Ruth A. Harris (Charge No. 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). This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1345.

In its complaint, the United States alleges that Mecklenburg County discriminated against Ruth A. Harris, a female formerly assigned to work as a temporary social worker assistant in the Division of Youth and Family Services of the County's Department of Social Services, and other women employed and/or formerly employed in the Division of Youth and Family Services, because of their sex in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), among other ways, by:

  a.  subjecting Ms. Harris and other women employed and/or formerly employed in the Division of Youth and Family Services to sexual harassment; and

  b.  failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment.

Her motion for intervention having been granted by the Court, in her complaint in intervention, Plaintiff-Intervenor Ruth A. Harris alleges claims of discrimination in violation of Title VII similar to those alleged by the United States. In addition, Ms. Harris' complaint in intervention alleges claims under North Carolina law.

On October 12, 1999, Mecklenburg County filed an answer to the United States' complaint and a third party complaint against Randstad US, L.P. d/b/a AccuStaff ("AccuStaff") in this matter. AccuStaff filed its answer to Mecklenburg County's third party complaint on November 2, 1999. On November 29, 1999, Mecklenburg County filed an answer to the intervenor complaint. Neither the United States nor Plaintiff-Intervenor Ruth A. Harris has alleged any claim against Third Party Defendant AccuStaff. Ruth A. Harris and AccuStaff are not parties to this Settlement Agreement.

Mecklenburg County denies that it has discriminated against Ms. Harris in violation of Title VII. Nevertheless, the United States and Mecklenburg County, desiring that this action be settled by an appropriate Settlement Agreement, and without the burden of protracted litigation, agree to the jurisdiction of this Court over the parties, and the subject matter of this action, and hereby waive, for purposes of this Settlement Agreement only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Settlement Agreement as final and binding between them with regard to the issues raised in the complaint filed by the United States in this case.

This Settlement Agreement, being entered with the consent of the United States and Defendant Mecklenburg County, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by Mecklenburg County or a finding of any wrongdoing or violation of any applicable federal or state law or regulation.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

For purposes of this Settlement Agreement, "date of entry of the Settlement Agreement" shall refer to the date on which the Court approves and signs this Settlement Agreement as an order of the Court.

## GENERAL RELIEF

1. Defendant Mecklenburg County, by and through its officials, agents, employees and all persons in active concert or participation with Defendant Mecklenburg County in the performance of employment or personnel functions, will continue Mecklenburg County's current policy of not engaging, and will not engage, in any act or practice that has the purpose or effect of unlawfully discriminating against any employee because of that employee's sex.

2. Defendant Mecklenburg County shall continue its policy of not retaliating against or in any way adversely affecting any person because that person has opposed any practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., filed a charge with the EEOC, or testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

3. The County will continue to maintain and keep in effect an anti-sexual harassment policy that, in addition to prohibiting sexual harassment, specifies that:

   a. Mecklenburg County's anti-sexual harassment policy covers individuals hired through a temporary employment agency to work for Mecklenburg County;

   b. employees hired through a temporary employment agency to work for Mecklenburg County may file a complaint with the Mecklenburg County human resource department if they believe they have been subjected to sexual harassment; and

   c. Mecklenburg County will not dismiss, terminate the employment of, or otherwise retaliate against any permanent or temporary employee, including persons assigned through an agency for temporary employees, because that employee has reported what he or she reasonably believes to be sexual harassment.

4. No later than thirty (30) days after the entry of this Settlement Agreement, Defendant Mecklenburg County shall ensure that a copy of its anti-sexual harassment policy, including the

provisions described in Paragraph 3, above, is distributed to all of its permanent and temporary employees, including persons assigned through an agency for temporary employees.

5. Defendant Mecklenburg County will continue to make available to its employees its anti-sexual harassment policy, including the provisions described in Paragraph 3, above, by posting it in centrally-located places commonly used for posting notices (e.g., bulletin boards) in all Mecklenburg County buildings and facilities and in the administrative offices of Mecklenburg County.

6. Mecklenburg County shall take reasonable steps to ensure that each of the employees it hires, including persons assigned through an agency for temporary employees, receives a copy of the County's anti-sexual harassment policy, including the provisions described in Paragraph 3, above, within ten (10) days of the date of that employee's hire or assignment.

7. Mecklenburg County shall retain or have access to the following records during the life of this Settlement Agreement or as otherwise required by applicable state or federal record retention requirements:

    a. the provisions of any anti-sexual harassment policy then in effect, and a record of the effective date or dates of those provisions;

    b. any poster(s) or notice(s) displayed in Mecklenburg County work areas that are intended to convey information regarding the prohibition of sexual harassment in the workplace;

    c. documents signed by temporary employees hired through an employment agency acknowledging proof of receipt of the County's anti-sexual harassment policy;

d.  all documents that come into the County's possession relating to allegations that the County or any of its employees have retaliated against or adversely affected any person because he or she testified, assisted or participated in any manner in this case or this Settlement Agreement.

8. For purposes of this Settlement Agreement, reporting periods shall run from January 1, through June 30, and July 1 through December 31 of each year, the first of which ends on June 30, 2000. Within 30 days after the close of each reporting period, Mecklenburg County shall provide to the United States copies of the materials described in Subparagraphs 7(a),(b) and (d), above.

9. The United States Department of Justice shall have the right to inspect and copy any and all of the documents described in Paragraph 7, above, upon thirty (30) days notice to the County, without further order of this Court.

## SPECIFIC RELIEF

Without admitting the contentions of the United States as set forth in its complaint, and in settlement of the claims of the United States for relief on behalf of Ms. Ruth A. Harris, and, if she accepts the relief to be offered to her pursuant to this Settlement Agreement, in settlement of Ms. Harris' individual claims, Mecklenburg County agrees to do the following:

10. Mecklenburg County shall offer Ruth A. Harris a monetary payment of $45,000.00. This amount shall be considered to include both compensatory damages and reasonable attorney's fees. No amounts will be withheld from the monetary award, although Mecklenburg County shall issue an Internal Revenue service ("IRS") 1099-Misc Form to Ms. Harris and report this award to the IRS and any other applicable taxing authority.

11. No later than ten (10) days after the date of entry of this Settlement Agreement, Mecklenburg County shall notify Ms. Harris of the terms of this Settlement Agreement by mailing to her, by certified mail in care of her attorney, return receipt requested, a notice letter substantially in the form of Appendix A hereto and enclosing a copy of this Settlement Agreement and a copy of the release form agreed upon by the United States and Mecklenburg County. The notice letter will advise Ruth A. Harris that in order to accept the relief offered to her or any part of it, she must return the executed release form to Mecklenburg County within fourteen (14) days of her receipt of the notice letter unless she shows good cause for failing to do so.

12. The County shall also forward a copy of the notice letter to the United States no later than ten (10) days after the date of entry of this Settlement Agreement.

13. To accept any of the relief to be offered her by Mecklenburg County under this consent Settlement Agreement, Ms. Harris must execute the release form provided with the notice letter, and return it to Mecklenburg County within fourteen (14) days after the date she receives the notice letter.

14. Mecklenburg County shall provide the United States with a copy of Ms. Harris' executed release form within ten (10) days after receipt of it. Within fourteen (14) days from the date of its receipt of Ms. Harris' executed release form Mecklenburg County shall mail to Ms. Harris, in care of her attorney, a certified or bank check made payable to Ruth A. Harris in the amount of $45,000.00.

## DISPUTES

15. The parties to this Settlement Agreement shall attempt to resolve informally any disputes that may occur under this Settlement Agreement. If the United States and Mecklenburg County are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by either party to the Court for resolution.

16. All documents required to be delivered under this Settlement Agreement to the United States shall be sent to the attention of:

> Charlotte Burrows, Esq.
> Stephen J. Curran, Esq.
> U.S. Department of Justice
> Civil Rights Division
> Employment Litigation Section
> 601 D Street, N.W., Room 4500
> Washington, D.C. 20004

17. All documents required to be delivered under this Settlement Agreement to Plaintiff-Intervenor Ruth A. Harris shall be sent to the attention of:

> Thomas D. Roberts, Esq.
> 20 Battery Park Avenue #305
> Asheville, North Carolina 28801-2734,

or to another person whom Ms. Harris shall designate in writing to receive such documents on her behalf.

18. All documents required to be delivered under this Settlement Agreement to Mecklenburg County, North Carolina, shall be sent to the attention of:

> James O. Cobb, Esq.
> Ruff, Bond, Cobb, Wade & Bethune
> 2100 Two First Union Center
> 301 South Tryon Street
> Charlotte, North Carolina 28282-8283

## RETENTION OF JURISDICTION

19. The Court shall retain jurisdiction over this Settlement Agreement and the claims alleged in the United States' complaint for the purpose of resolving disputes or entering any orders or judgments that may be necessary to implement the relief provided herein. Eighteen (18) months after the date of entry of this Settlement Agreement by the Court, the United States' complaint against Mecklenburg County shall be dismissed unless the United States moves, for good cause shown, to extend this Consent Settlement Agreement. If such a motion is filed by the United States before the Settlement Agreement expires, the Settlement Agreement shall remain in effect while the motion is pending before the Court.

SO ORDERED, this _____ day of _____, 2000.

United States District Judge
Western District of North Carolina

AGREED AND CONSENTED TO:

| For the United States,<br>Plaintiff | For Mecklenburg County,<br>North Carolina, Defendant |
|---|---|
| Bill Lann Lee<br>Acting Assistant Attorney<br>General | Ruff, Bond, Cobb, Wade &<br>Bethune, L.L,P. |

BY:                                                              BY:

_____                    _____
Charlotte Burrows                                     James O. Cobb
Member, NY Bar                                      Ruff, Bond, Cobb, Wade
Stephen J. Curran                                     Bethune, L.L.P.
MA Bar Registration No. 633593          2100 Two First Union Center
Civil Rights Division                                301 South Tryon Street
U.S. Department of Justice                   Charlotte, NC 28282-8283
601 D Street, N.W.                                (704) 377-1634
Washington, D.C. 20004
(202) 514-3862

_____
Richard L. Rainey
Womble Carlyle Sandridge & Rice, PLLC
3300 One First Union Center
301 South College Street
Charlotte, NC 28202-6025
(704) 331-4967

APPENDIX A
(NOTICE LETTER)

[Date]

Ms. Ruth A. Harris
c/o Thomas D. Roberts
Attorney at Law
20 Battery Park Avenue #305
Asheville, North Carolina 28801-2734

Dear Ms. Harris:

On [date], the Court approved the terms of and entered a Settlement Agreement settling a complaint of employment discrimination filed by United States against Mecklenburg County, North Carolina ("Mecklenburg County"), <u>United States & Ruth A. Harris v. Mecklenburg County, North Carolina v. Randstad US, L.P. d/b/a AccuStaff</u>, Civil Action No. 3:99cv353-V (W.D.N.C.).

Under the terms of the Settlement Agreement, you are being offered $45,000.00, <u>which is inclusive of attorney's fees</u>, as settlement for any claims that you may have against Mecklenburg County arising out of that action and EEOC Charge No. 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.

You may accept the $45,000.00 monetary payment by completing and signing the enclosed release form before a notary public and returning the original of the executed release form to the attorney for Mecklenburg County at the following address:

>   James O. Cobb, Esq.
>   Ruff, Bond, Cobb, Wade & Bethune
>   2100 Two First Union Center
>   301 South Tryon Street
>   Charlotte, North Carolina 28282-8283

In order to accept the monetary payment offered to you, you must complete and return the enclosed release form within fourteen (14) days of your receipt of this letter and the enclosed release.

This relief is being offered to you on the following condition: if you accept the relief, Mecklenburg County will require you to release it from all claims which you presently have or which you may have against it arising out of this action and EEOC Charge No. 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. If you decline the relief, the County will nevertheless have satisfied its obligation to the United States pursuant to the Settlement Agreement in the above-captioned case and the United States will not seek additional relief on your behalf.

If you accept the monetary payment offered to you, Mecklenburg County will send to you, in care of your attorney Thomas D. Roberts, the monetary payment within fourteen (14) days of its receipt of your completed and notarized release form. The County will issue you an Internal Revenue Service Form 1099 or an equivalent form, and you will have sole responsibility for paying any taxes, including federal income tax and any applicable state of local taxes, due on the monetary payment. You should consult with your attorney or with a tax advisor if you have questions regarding the taxability of this monetary payment.

IF YOU FAIL TO SUBMIT THE RELEASE FORM, AS DIRECTED IN THIS LETTER, WITHIN FOURTEEN (14) DAYS FROM YOUR RECEIPT OF THIS LETTER, YOU WILL FORFEIT YOUR RIGHTS TO ANY RELIEF UNDER THE SETTLEMENT AGREEMENT, UNLESS YOU CAN SHOW GOOD CAUSE FOR YOUR FAILURE TO DO SO WITHIN A REASONABLE TIME THEREAFTER.

A copy of the Settlement Agreement is enclosed. If you have any questions concerning this settlement, you should contact your attorney.

Sincerely,

Sandra T. Bisanar
Deputy Counsel for Mecklenburg County

Enclosures

cc: Charlotte Burrows

APPENDIX B

THIS IS A COMPLETE RELEASE
AND SETTLEMENT AGREEMENT

<u>READ IT CAREFULLY</u>

KNOW ALL PERSONS BY THESE PRESENTS, that I, Ruth A. Harris, intending to be legally bound and for and in consideration of the payment to be made to me pursuant to the Consent Settlement Agreement entered into between the United States and Mecklenburg County in the case of <u>United States of America, Plaintiff and Ruth A. Harris, Plaintiff-Intervenor v. Mecklenburg County, North Carolina v. Randstad U.S., L.P. d/b/a AccuStaff, Third Party Defendant,</u> Case No. 3:99CV353-V (W.D.N.C.) (the "Lawsuit"), agree as follows:

1. I do for myself, my heirs, executors, administrators, successors, and assigns, hereby remise, release and forever discharge Mecklenburg County, its parents, successors, predecessors, subsidiaries, affiliates, assigns, directors, officers, elected officials, agents and employees, and all persons, corporations or other entities who might be claimed to be jointly or severally liable with them from any and all actions and causes of action, claims and demands, suits, damages, attorneys' fees, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements and compensation whatsoever, which I or anyone claiming by, through or under me in any way might have under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e, et seq., (Title VII) or any other state or federal claims which have been made or which could have been made either directly or indirectly in the above-referenced Lawsuit.

2. I agree that I will dismiss the Intervenor's Complaint filed in this matter with prejudice and it is understood that I am not to be considered to have been or to be the "prevailing" or "successful" party in the Lawsuit within the meaning of any statute, rule or other law for any purpose, including the award of attorneys' fees and costs. I further agree that I will not institute any further administrative legal preceding either individually or as a class representative against Mecklenburg County, as to any matter based upon, arising out of, or related to the claims which have been asserted or which could have been asserted in the above-referenced Lawsuit.

3. I understand and agree that, to the extent that I incur or have incurred any tax liability because of the payment of any sums pursuant to this Release or the above-referenced Lawsuit, such liability shall be my sole responsibility; and I shall pay any taxes, penalty, or interest which may be determined to be due and payable by me. Moreover, I agree to save and hold harmless Mecklenburg County from any and all taxes, penalties, or other costs (including attorney's fees and expenses) that I have incurred or may incur as a result of this Release.

4. I acknowledge that I have been given a reasonable period of time within

which to consider this release and I have carefully read and reviewed this Release and have had an opportunity to consult with my attorney prior to executing it.

5. It is also expressly understood that this settlement is made in compromise of a disputed claim, and that the payment described herein is not to be construed as an admission of liability, Mecklenburg County having denied and continuing to deny any and all liability.

6. I intend that this Release expresses a FULL AND COMPLETE SETTLEMENT of a liability claimed and denied and, regardless of the adequacy or inadequacy of the amount paid, this Release is intended to avoid litigation and to be final and complete. I agree that there is absolutely no agreement or reservation not clearly expressed herein, that the consideration stated herein is all that I and my attorneys are ever to receive for all claims to damages, costs, attorneys' fees, and other expenses arising out of the above-referenced Lawsuit and that the execution hereof is with the full knowledge that this Release covers all possible claims against Mecklenburg under Title VII or any other state or federal claims which have been or which could have been asserted either directly or indirectly in the above-referenced Lawsuit.

I, Ruth A. Harris, intending to be legally bound, apply my signature voluntarily and with full understanding of the contents of this COMPLETE RELEASE AND SETTLEMENT AGREEMENT.

_____
Ruth A. Harris

Sworn to and subscribed before me,
this _____ day of _____, 2000.

_____
Notary Public

My commission expires: _____

United States District Court
for the
Western District of North Carolina
May 10, 2000

* * MAILING CERTIFICATE OF CLERK * *

Re:  3:99-cv-00353


True and correct copies of the attached were mailed by the clerk to the following:

    Bill Lann Lee, Esq.
    U.S. Department of Justice
    P.O. Box 65968
    Washington, DC  20035-5968

    William B. Fenton, Esq.
    U.S. Department of Justice
    P.O. Box 65968
    Washington, DC  20035-5968

    Charlotte Burrows, Esq.
    U.S. Department of Justice
    P.O. Box 65968
    Washington, DC  20035-5968

    Clifford C. Marshall, Esq.
    U. S. Attorney's Office
    207 U.S. Courthouse Bldg.
    100 Otis Street
    Asheville, NC  28801-2611

    Joseph L. Brinkley, Esq.
    U. S. Attorney's Office
    Suite 1700
    Carillon Bldg.
    227 W. Trade St.
    Charlotte, NC  28202

    Stephen J. Curran, Esq.
    Dept. of Justice
    Civil Rights Division
    P. O. Box 65968
    Washington, DC  20035-5968

    James O. Cobb, Esq.
    Ruff, Bond, Cobb, Wade & Bethune
    2100 Two First Union Center
    Charlotte, NC  28282

    Richard L. Rainey, Esq.
    Womble, Carlyle, Sandridge & Rice

301 S. College St.
3300 One First Union Center
Charlotte, NC 28202-6025

Patricia E. Dowds, Esq.
Womble, Carlyle, Sandridge & Rice
301 S. College St.
3300 One First Union Center
Charlotte, NC 28202-6025

Thomas DuBose Roberts, Esq.
#305
20 Battery Park Ave.
Asheville, NC 28801

Parmele P. Calame, Esq.
Poyner & Spruill
100 N. Tryon St.
Suite 4000
Charlotte, NC 28202-4010

John S. Snelling, Esq.
Troutman Sanders
5200 NationsBank Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216

John P. Kelly, Esq.
Troutman Sanders
5200 NationsBank Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216

cc:
Judge                          ( )
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Court Reporter                 ( )
Courtroom Deputy               ( )
Orig-Security                  ( )
Bankruptcy Clerk's Ofc.        ( )
Other_____         ( )

Date: 5/10/00

Frank G. Johns, Clerk
By: _____
       Deputy Clerk